```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL SARTORETTI,

                 Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       18-CV-0298(JS)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                 Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Christopher James Bowes, Esq.
                    54 Cobblestone Drive
                    Shoreham, New York 11786

For Defendant:      Candace S. Appleton, Esq.
                    United States Attorney's Office
                    Eastern District Of New York
                    271 Cadman Plaza East
                    Brooklyn, New York 11201
```

SEYBERT, District Judge:

Plaintiff Michael Sartoretti ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging the Commissioner of Social Security's (the "Commissioner") denial of his application for Social Security Disability Insurance Benefits. (Compl., D.E. 1.) Presently pending before the Court are the parties' cross-motions for judgment on the pleadings. (Pl. Mot., D.E. 10; Comm'r Mot., D.E. 18.) For the following reasons, Plaintiff's motion is GRANTED and the Commissioner's motion is DENIED.

BACKGROUND

The background is derived from the administrative record filed by the Commissioner on June 7, 2018. (R., D.E. 7.) For purposes of this Memorandum & Order, familiarity with the underlying administrative record is presumed. The Court's discussion of the evidence is limited to the challenges and responses raised in the parties' briefs.

From 1990 to November 2013, Plaintiff worked as a police officer and detective in the New York City Police Department. (R. 33-34, 137.) He worked at the World Trade Center site for approximately one month after September 11, 2001. (R. 433.) In 2008, he was treated for cancer. (R. 34.) The NYPD medical board found that he was "disabled from performing the full duties of a New York City Police Officer due to a respiratory condition as a consequence of treatment for lymphoma . . . under the aegis of the World Trade Center Disability Law." (R. 302, ¶ 10.) His claimed date of disability is his last day of work for the NYPD. (R. 21.)

Plaintiff applied for disability benefits on April 22, 2014, alleging disability since November 13, 2013, due to Hodgkin's lymphoma, polyneuropathy, asthma, reactive airway disease, lumbar herniated disc, cervical pain, gastroesophageal reflux disease, and sleep apnea. (R. 11, 136.) The claim was denied, Plaintiff requested a hearing, and a hearing was held before the ALJ on October 4, 2016. (R. 11.) In a November 2, 2016 decision, the

ALJ found Plaintiff was not disabled. (R. 11-24.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1-5.) This action followed.

DISCUSSION

If the Court finds that substantial evidence exists to support the Commissioner's decision, the decision will be upheld, even if evidence to the contrary exists. See Johnson v. Barnhart, 269 F. Supp. 2d 82, 84 (E.D.N.Y. 2003). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009).

Here, the ALJ applied the familiar five-step process, see 20 C.F.R. §§ 404.1520, 416.920, and found that Plaintiff had the residual functional capacity ("RFC") "to perform less than the full range of light work. Specifically, [he] can lift and/or carry up to 10 pounds frequently and up to 20 pounds on occasion, sit for up to six hours in an eight-hour workday with normal breaks, and stand and/or walk for up to six hours in an eight-hour workday . . . [and] frequently handle, finger, feel and reach bilaterally." (R. 14-15.) The ALJ determined that, based on this RFC finding, Plaintiff could return to his past relevant work as a detective. (R. 22.)

Plaintiff argues that (1) the ALJ's step four finding that he could engage in light work is not supported by the record, and (2) the ALJ failed to properly consider his neuropathy as a severe impairment at step two. (Pl. Br., D.E. 11, at 20-21, 23.) The Commissioner contends that (1) the ALJ properly evaluated Plaintiff's RFC, and (2) the step two finding regarding neuropathy was supported by substantial evidence. (Comm'r Br., D.E. 16, at 28-35, 25-28.)

Under the applicable regulations,

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. 404.1567(b).

If a claimant cannot perform "light work,"

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.

> Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

Here, Dr. Stephan Huish, Plaintiff's treating physician, "proposed a less than sedentary capacity with sitting limited to less than four hours, standing and walking limited to less than two hours in a workday and other limitations." (R. 19.) Huisch opined that during an eight-hour work day, Plaintiff could stand or walk for less than two hours, sit less than four hours, and lift or carry less than ten pounds. (R. 436.) He also noted the following limitations: Plaintiff would need to lie down during the work day, require a sit-stand option, require frequent breaks, need more than two sick days off each month, and suffered pain that prevented him from performing eight hours of work. (R. 437.) The ALJ assigned "little weight" to Huisch's assessments because his "progress notes do not bear out such substantial restrictions . . . [and] he administered only conservative care . . . over a course of more than two years . . . [and] never requested imaging of the bilateral knees or the left shoulder during more than two years of treatment despite suggesting significant manipulative restrictions." (R. 19.)

Dr. Michael Hearns, an occupational medicine specialist and treating physician, "also assessed a less than sedentary capacity." (R. 19.) He opined that during an eight-hour work

5

day, Plaintiff could stand or walk less than two hours, sit less than four hours, and lift less than 10 pounds. He came to the same conclusions as Huisch regarding additional limitations such as lying down, a sit-stand option, frequents breaks, sick days, and pain. (R. 468-69.) The ALJ gave "little weight" to Hearns' opinion that Plaintiff had a less than sedentary capacity because "the preponderance of [his] treatment notes are not compatible with the degree of limitation proposed by [Plaintiff] or [Hearns]" and "[Hearns'] specific suppositions appear largely based on [Plaintiff's] subjective reports." (R. 19.)

Dr. Paul Schulster, a treating pulmonologist, opined that Plaintiff could stand or walk less than two hours, sit less than two hours, and lift less than 10 pounds occasionally. (R. 18, 359.) Schulster also found Plaintiff would require frequent breaks, an average or two or more sick days per month, and had environmental restrictions. (R. 360.) The ALJ concluded that "these limitations conflict with the mild respiratory obstruction Dr. Schulster found on pulmonary function testing throughout the record." (R. 18.)

Dr. Andrea Pollack performed a consultative examination of Plaintiff. (R. 17.) She opined that he had "mild to moderate difficulty climbing, standing, walking and using his bilateral hands." She "proposed mild limitations for bending, lifting, carrying, pushing and pulling." (R. 17.) The ALJ gave

6

"considerable weight" to Pollack's assessment because she directly observed Plaintiff "during a thorough examination" and it was "reinforced by objective findings throughout the record." (R. 17.) "Moreover, the limitations proposed by Dr. Pollack are more compatible with the broad range of daily activities [Plaintiff] conceded a capacity to perform." (R. 17.)

After the hearing, Dr. Luis Fuchs, an orthopedic surgeon and medical expert for the Social Security Administration, responded to medical interrogatories to aid the ALJ. (R. 19, 532.) He opined that in an eight-hour work day, Plaintiff could sit for one hour continuously and six hours total, stand or walk for one hour continuously and two hours total, and lift or carry up to 10 pounds continuously and up to 20 on occasion. (R. 19, 533, 535.) While the ALJ assigned "good weight" to this opinion, he found "nonetheless, the balance of the record does not support the degree of manipulative limitations proposed and the [Plaintiff's] generally intact gait and lower extremity neurological function suggest the ability to stand or walk for longer than two hours per work day." (R. 20.) He found that "the limitations proposed by the consultative examiner Dr. Pollack [to be] a more accurate reflection of the record as a whole." (R. 20.)

To summarize, during an eight-hour work day (1) Huish said Plaintiff could stand or walk for less than two hours and sit less than four hours; (2) Hearns said Plaintiff could stand or

7

walk less than two hours and sit less than four hours; (3) Schulster said Plaintiff could stand or walk less than two hours and sit less than two hours; and (4) Fuchs said Plaintiff could sit for one hour continuously and six hours total, and stand or walk for one hour continuously or two hours total. Aside from Fuchs, who said Plaintiff could lift 20 pounds "on occasion" (R. 533), no doctor said Plaintiff could lift more than 10 pounds. Huish, Hearns, and Schulster, Plaintiff's treating physicians, also identified many other limitations not accounted for in the RFC: the need for lying down, a sit-stand option, frequent breaks, two or more sick days per month, and Plaintiff's pain that prevented him from performing eight hours of work. Huish and Hearns evaluated Plaintiff as being able to work at a less than sedentary capacity.

The ALJ gave "considerable weight" to Pollack's opinion stating only that Plaintiff experienced "mild" limitations. This assessment was not sufficient for the ALJ to base his RFC upon, especially where other doctors made specific, contrary findings about Plaintiff's limitations in an eight-hour work day which are not reflected in the RFC. See Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013) (consultative examiner's "opin[ion] that [the Plaintiff] should be able to lift . . . objects of a mild degree of weight on an intermittent basis . . . is remarkably vague. What [the doctor] means by 'mild degree' and 'intermittent' is left to

8

the ALJ's sheer speculation.") (first ellipsis in original; internal quotation marks and citation omitted); Catalano v. Berryhill, No. 17-CV-7120, 2018 WL 6437059, at *9 (S.D.N.Y. Dec. 7, 2018) (treating physician's opinion that the Plaintiff had "moderate exertional limitations in general . . . cannot be translated to a specific weight [lifting] classification"). While the Court recognizes that opinions such as these can provide a basis for an RFC, see Nelson v. Colvin, No. 12-CV-1810, 2014 WL 1342964, at *12 (E.D.N.Y. Mar. 31, 2014), here, these vague statements are not supported, but rather are contradicted, by the opinions of three treating physicians and an SSA medical advisor. Compare De Gonzalez v. Berryhill, No. 16-CV-06723, 2018 WL 6834474, at *11 (E.D.N.Y. Dec. 28, 2018) (the consultative examiner's opinion that the Plaintiff had "mild restriction for climbing, walking, standing, bending, lifting and carrying because of back pain" "is not the only medical evidence in the record that supports the ALJ's decision. When [the] opinion is coupled with all of the other evidence in the record, there is certainly sufficient evidence to support the ALJ's RFC finding.").

Thus, the Court finds that the ALJ's RFC finding is not supported by substantial evidence and therefore REMANDS the matter for further proceedings consistent with this Order. In light of this finding, the Court need not address Plaintiff's contention that the ALJ did not consider his neuropathy to be a severe

9

impairment. As the matter is remanded for a new hearing, Plaintiff will have the opportunity to develop the record on this issue.[1]

The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  17 , 2019
       Central Islip, New York

---

[1] The Commissioner argues that because the ALJ stated at step five that the vocational expert had identified several sedentary jobs Plaintiff could perform, "the ALJ's RFC finding is broader than interpreted by Plaintiff and remand is not required as it would lead only to the same conclusion that Plaintiff is not disabled under the Act." (Comm'r Br. at 30, internal quotation marks and citation omitted.) As the Commissioner also notes, the applicable regulations determine that if "someone can do light work, . . . he [ ] can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b) (emphasis added). The Commissioner argues that "those limiting factors are not present here." (Comm'r Br. at 30.) However, as already noted in this Order, Plaintiff's doctors identified numerous limiting factors in their evaluations. (See R. 360, 437, 468-69.) In light of its decision on the RFC finding, on this record, the Court does not reach the issue of whether Plaintiff is capable of performing sedentary work.